### DELAWARE, L. & W. R. CO. v. CITY OF SYRACUSE et al.

(Circuit Court of Appeals, Second Circuit.   September 16, 1908.)

No. 255.

RAILROADS (§ 75*)—RIGHT TO BUILD TRESTLE ON STREET—CONSENT OF MUNICIPALITY.

Under the railroad law of New York (Laws 1890, p. 1087, c. 565, § 11), which authorizes a railroad company to cross a street in a city with its track only with the "assent of the corporation of such city," which under the statutory provisions governing cities of the second class can only be given by the common council, an ordinance giving a railroad company the "right to construct and operate a switch or switches, track or tracks," across a certain street, under which the company built a number of switch tracks across at grade, does not authorize it to build another upon a trestle resting on abutments of concrete located in the street and 10 feet apart, nor can the ordinance be enlarged to cover such a structure by any action of the administrative officers, as by the granting of a building permit.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 185; Dec. Dig. § 75.*]

---

Appeal from the Circuit Court of the United States for the Northern District of New York.

For opinion below, see 157 Fed. 700.

John G. Milburn and Alexander D. Jenney (Louis L. Waters, of counsel), for appellant.

Walter W. Magee, Corp. Counsel, for appellees.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. The opinion of the judge at circuit sets forth the facts and discusses the evidence at great length, and it seems unnecessary to review them here, since on the fundamental questions we agree with his conclusions that Schuyler street, extended, became one of the public streets of the city of Syracuse when the village of Geddes was incorporated into that city as a part thereof, and has not been abandoned and has not ceased to be one of such streets.

That being so, the authority of the complainant railroad to cross it is to be sought in some "assent of the corporation of such city." Railroad Law N. Y. § 11 (Laws 1890, p. 1087, c. 565). The only such assent is found in the ordinance of December 28, 1903; the building permit issued by the fire marshal and other acts of city officers do not constitute such an "assent of the corporation." That ordinance granted the right and consent "to construct and operate a switch or switches, track or tracks, across the extension of Schuyler street." No one denies that this was abundant authority for the various tracks which complainant has already built across such extension at grade. It is not necessary to decide whether or not under the terms of the consent the railroad could also construct tracks across the extension above grade, if the same were carried at a sufficient height and ran between abutments located outside of the boundary lines of the extension. We are concerned only with the structure the railroad company has undertaken to build, interference with which it seeks by this bill to enjoin. That structure is a trestle supported on several abutments of concrete located on the street, each abutment 30 feet in length, with the top of the surface thereof 22 inches in width and projecting above the ground 2 feet or more; the distance between any two abutments being 10 feet 2 inches, and all the abutments being placed more or less quartering in the street. We are clearly of the opinion that the ordinance, even if unrepealed, conveyed no consent to erect and maintain such a structure, and that the bill was properly dismissed.

The decree is in an unusual form, embodying at great length the recital of many evidential facts and several findings upon which, in the view we take of the case, it is not necessary now to express any opinion. It should be modified so as to express merely the findings that the land in question is a public street, and that there was no authority for the erection of the trestle except the ordinance of 1903, with the conclusions that such authority is not sufficient to justify the erection of such a structure, and that the bill be dismissed, with costs.

As thus modified, the decree is affirmed, with costs of this appeal.